CHESLEY *v.* SHERBURNE. { Mar. 20, 1876.

*Construction of will.*

A testator gave land and shipping property, the income and profits thereof to be received by his wife for the support of herself and minor children until his youngest child should attain its majority, and after his youngest child attained its majority, one third of said income and profits to the wife for life, the remaining two thirds to be divided among his living children and the representatives of deceased children in equal

shares, *per stirpes*, and, after the death of the wife, said real estate and shipping to be divided among his children. The wife died before all the children attained their majority. On a bill in equity, brought by a son who had attained his majority, against the trustees and guardian of the minor children, for a division of the real estate and shipping, it was *held*, that such division might be decreed.

FROM ROCKINGHAM CIRCUIT COURT.

BILL IN EQUITY, brought by the plaintiff, one of the heirs-at-law of George Chesley, senior, deceased, against the defendants, trustees under his will, to compel the division of the real estate and shipping property of said deceased.

The question arises upon the construction of this clause of the will: " Second. I give, devise, and bequeath all the rest and remainder of my real estate, wherever situated, and all my shipping property, unto my beloved wife, Abby M. Chesley, and to John Durgin, Samuel M. Demeritt, and Alfred M. Hoyt, all of said Portsmouth, as trustees, to have and to hold the same to the said trustees, their successors, and assigns, in trust, to manage, keep, guard, and dispose of the same, as they shall deem for the interest of my wife and children ; and that the annuity heretofore given to my mother and sister, and the survivor, may be paid out of the income thereof ; and that all the remainder of the rents, income, and profits thereof may be received by my said wife, for the support of herself and minor children, until my youngest child shall attain its majority ; and after my youngest child shall attain its majority, that my said wife, for and during the term of her natural life, may receive for her sole and exclusive use one third of all the rents, income, and profits of said real estate and shipping property, and that the remaining two thirds of said income may be divided among my living children and the representatives of any that are deceased, in equal shares, *per stirpes*, and, after the decease of my said wife, that said real estate and shipping may be divided among my children and their representatives *per stirpes*."

The bequest to the mother and sister of the deceased, referred to in the preceding clause of her will, is as follows : " I also give and bequeath to my said mother and sister, jointly, the sum of forty dollars a year, so long as both shall live, and to the survivor of them the sum of twenty-five dollars a year during her life, to be paid to them and to the survivor in equal quarter annual payments out of money hereafter appropriated for that purpose." Either party is at liberty to refer to any part of said will.

The defendants are successors to the trustees nominated in said will, and have accepted the trust. The wife of the deceased died about eight years since, and since that time the trustees have managed said estate. They have delivered to the plaintiff his full share of the personal property excepting the shipping, but have declined to make or assent to any division of the real estate or shipping, and claim that the division

of said real estate and shipping should be postponed until the youngest child has attained its majority. The plaintiff is of age, but two of the children of said George Chesley are minors. The mother of the testator has deceased, but his sister still survives.

The question arising upon the construction of said will was transferred to this court for determination by RAND, J.

*Frink*, for the plaintiff.

*Hodgdon*, for the defendants.

LADD, J. No objection has been made, either by the trustees or the guardian of the minor children of George Chesley, to the division of the real estate and shipping property sought by the bill. The testator's intention is not very clearly manifested in his will; indeed, it seems altogether likely that the contingency of his wife dying before his youngest child attained its majority was not in his mind at all. The provisions, as to the performance of the trust and the application of the income, all seem to be based on an assumption of the continuance of the life of his wife. All the income, after paying the annuity to his mother and sister, was to be received by his wife for the support of herself and minor children till the youngest child should attain its majority. It is doubtful whether it can be said that the will shows an intention that the same income should be wholly devoted to the support of his minor children, in case his wife died before the youngest attained its majority. Besides, there is a clear and explicit direction that after the death of his wife the real estate and shipping should be divided equally among his children and their representatives; and I am, upon the whole, inclined to think we are less likely to make a mistake in interpreting and applying the will if we give this clause controlling weight, than if we undertake to discover a different intention among those clauses which have been rendered inconsistent, or impossible of literal execution, by the death of his wife before his youngest child reached its majority. Security must be furnished for payment of the annuity to the sister, and then a decree should be entered, according to the prayer of the bill, for partition of the real estate and shipping.

CUSHING, C. J. I have nothing to add to what has been said by my brother LADD.

SMITH, J., concurred.

*Decree according to the prayer of the bill.*